The next case for argument is United States v. Christopher Rascoll The District Court in this case committed a clear error at sentencing by not deciding acceptance of responsibility, and that error was not harmless because the court did not calculate the guidelines, did not set a starting point for the sentencing, and that there is a reasonable probability of a guilty verdict. There is a limited exception articulating Crosby and defer to the requirement that the District Court calculate the guidelines at the beginning of every sentencing. However, that exception should not apply to this case. In certified, this court held that the defer exception was limited to the unusual circumstances in that case for the District Court in deciding between two potentially applicable guidelines. Pigeonholed the case into a guideline that arguably did not apply in order to avoid an illogical outcome. This is a very different circumstance, and here there are no unique or novel conceptual issues that might justify that exception. Acceptance of responsibility is not some obscure guidelines provision. It is a straightforward guideline that comes up in every case. It's not a guideline this court has identified as difficult or problematic or fraught, like fraud or child pornography. The court didn't have to grapple with overlapping sentencing enhancements, which is often the case, or complicated calculations such as loss amount. And it's not a case like defer or even certified where the court had to decide between two separate guidelines. Here it was clear which guideline applied, acceptance of responsibility, and it's straightforward in its application. It requires that the defendant clearly demonstrate acceptance. Yeah, can I just ask you, if in fact there were procedural error here, explain to me your reasoning for why it's not harmless. And I understand, of course, the idea that calculating the guidelines at the front end is required, and I understand the concept as well, that it's considered something that does then anchor the judge's consideration of the sentence. And so I'm certainly not someone who thinks that the mere fact that a judge says, well, I thought I'd do the same thing no matter what, means that it was not, that that's accurate or that it wasn't harmful. But explain to me here the argument in favor of this being harmful, given the sentencing range and given what the judge said about her decision. Absolutely, Your Honor. So, of course, the court is reluctant to find harmless error when there's an error in calculating the guidelines. In this case, it's not just an error. It's a deliberate decision not to calculate the guidelines. And perhaps if the court had imposed, say, a 200-month sentence or something like that, this court could more fairly credit the district court when it says, I would have done that anyway. But here the district court chose a sentence that is only a few months above the higher range of the guidelines, the higher bound of the guidelines range that would apply absent acceptance of responsibility, such that there's a reasonable probability that if the court wasn't operating under the erroneous belief that under the law it didn't have to calculate the guidelines if it chose a non-guide sentence, guideline sentence, then perhaps the court would have selected a sentence within that higher guidelines range. It's important that the court follow the right procedural steps to demonstrate that it's a rational decision-making process. And particularly in this case where the government was not seeking an above-guidelines sentence, the parties agreed that a guideline sentence was appropriate. And as I just said, the court landed on a sentence just so close to that guidelines range. We also think that there's a significant issue here that we flagged in the brief and maybe didn't flesh out that much, and that is that the court seemed to conflate acceptance of responsibility with remorse and basically said in considering acceptance of responsibility that it was concerned about the fact that the defendant hadn't shown sufficient remorse. After having said that, and despite avoiding any determination on acceptance, the court varied upward from the guidelines based in part on lack of remorse. So we think that is additional evidence that despite what the court said, the acceptance of responsibility determination did factor in the court's decision and potentially drive the sentence. Counsel, can I ask you about mootness? So Mr. Raskel's released from incarceration and under a term of supervised release. And you cited the cases that discuss that continuing supervision as a basis for a conclusion that a sentencing challenge is no longer moot. But the cases say there has to be some non-speculative reason to think that the district judge would reduce the period of supervised release, right? Do you agree with that reading of the cases? Absolutely, Your Honor. So what would we look to in this record to come to that conclusion? Because there's actually quite a lot here to suggest just the opposite, I think. Well, Your Honor, this is not a case where the district court imposed a mandatory minimum term of supervised release. There was no mandatory minimum term of supervised release. What was the max, do you recall? It was a three-year max, and the guidelines were one to three years. One to three, so the max was imposed in the top of the guidelines. Correct, as well as a condition that the defendant serve a three-month term in a halfway house as part of that term of supervised release. And we think there's ample precedent in this court saying that the district court might, on remand, consider reducing a term of supervised release to account for the fact that it can no longer reduce the term of imprisonment and to compensate for any excess time that may have been served. But that can't be true in every case. There has to be something, right, that our cases teach that would suggest some non-speculative basis to think that might happen here. And I think what we do see in the record is a judge who's quite concerned about post-incarceration supervision, concerned about recidivism, and says that quite expressly. So that's what I mean when I say it seems to me the record cuts the other way. I'm not sure what we would look to hear that would be true in this case and not every case for a suggestion that supervised release term might be reduced. I think on remand, Your Honor, in a plenary resentencing, the court would be in a position to assess the defendant's history and characteristics as they exist at that point. And considering what developments took place during Mr. Raskel's time in prison, during his stay at the halfway house so far, it's certainly possible that the district court would find that a reduction in supervised release would be appropriate. It's hard to speculate on that now without the full record of how the defendant has done and whether the offense conduct has continued to some extent or not. Thank you. You've got some rebuttal. Good morning, Your Honors, and may it please the Court, Robert Ruff for the government. In this case, the district court imposed a 36-month sentence based on the defendant sending scores of messages to a Jewish victim which threatened to murder her on a number of occasions and also included a lot of vile and cruel threats, many of which were anti-Semitic in content. Those messages left the victim traumatized, unable to work, and a lot of other issues. And that sentence, there was no procedural error in the district court's arriving at it after the court concluded, based on calculating the two possible applicable guidelines ranges, that neither of those two possible applicable ranges presented a sufficient punishment to satisfy the purpose of sentencing. There's no procedural error for the district court to then decide in light of that fact. It's not procedural error not to come to a finding on the guidelines range? It usually would be, Your Honor. The court's clear that in most cases, if not the vast majority of cases, the court is required to calculate the guidelines range. But this court has laid out an exception in the Crosby case, and it's reiterated a couple of times, the Caveira case, the Dauphir case, that when a guidelines calculation presents a factual or legal complexity, then if the district court intends to impose a nine-guideline sentence, it can do so at discretion. And what's the complexity here? Because as I look at it, certainly the situation presented a difficult decision to make in terms of figuring out how to factor in mental illness in the context of remorse and acceptance and that type of thing. A difficult decision, perhaps. But factually or legally complex? Can you explain to me what there was in this decision that fits that exception? Yes, Your Honor. So I think it can either be viewed as a factual complexity or sort of a mixed question of law and fact as to how to apply the acceptance and responsibility guideline to the factual question, which is, as the district court laid out at sentencing, there was this tension between what the district court viewed as very serious grave conduct, lots of aggravating factors, concerns about recidivism, but weighing against that the defendant's undisputed mental health issues and how that seemed to be driving the conduct. Isn't it the case, though, that a number of defendants suffer from mental illness, that that's something that judges have to grapple with often in sentencing in determining how to weigh that and how to consider the various factors? Absolutely, Your Honor. So I would take two things in response to that. So in this case, it was not just a defendant with mental health issues. It was also a demonstrated unwillingness to seek treatment for that, as well as persistent use of marijuana, which the mental health evaluation that was completed of him indicated that that likely exacerbated this diagnosis. In addition to that, I don't think this is a situation where the district court hasn't calculated the guidelines or there's sort of an unknown. We don't really know what the one true guidelines calculation is. So there's a concern that the district court hasn't decided an important issue and therefore it's lacking the sort of requisite guideposts the guidelines provide. There's no dispute here that there were only two possible guidelines ranges at the end of the day because of the disagreement with respect to acceptance of responsibility. The district court calculated both of those and then determined for the reasons it laid out in detail that it viewed a sentence above both of those guidelines ranges as being appropriate. So I think under those circumstances, the concerns that the court laid out in certified environmental services about not having this exception sort of swallow the normal rule of always calculating the guidelines, this isn't a case where the district court said this is kind of tough, so I'm not going to bother to calculate the guidelines. I think in the certified environmental case, the district court— and maybe I'm over-reading it—that even—there are two possible guideline ranges. Even if I were to calculate the lower one, and I don't think I could reach that decision today because I think there's some difficulties, but even if it were the lower one, I'm going to sentence him above the guidelines to what I did sentence him to because I'm not bound by the guidelines. Isn't that the gist of what he was really saying? She, Your Honor— I'm sorry. Exactly. That is what—I mean, the court said that twice. We shouldn't be detained on matters of gender. I didn't mean to try to—I just wanted the record to be clear. But, yes, so that's exactly what the district court did. I mean, what I think the Crosby and the Dauphier exception or whatever you want to call it, I think the gist of it is that once the guidelines calculation is reduced to essentially a technical question of what number are we at, and the district court understands that and points to both those ranges and decides, you know, I know what all the factors are, and here's how I weigh them, and here's what I think is the sufficient but not greater than necessary sentence, it's within the district court's discretion under this court's precedence to impose that sentence without sort of resolving an academic and challenging guidelines question. Yeah, I mean, it seems to some extent the question is how much certified cuts back from that exception, and I suppose we could, you know— So what I'm getting at is it would have been easy for the judge to say, oh, I accept the lower guideline, even though deep in his heart he wasn't—she wasn't sure, but I'm still going to sentence above the guidelines. And so instead the judge was honest and said, here are the two guideline ranges. I don't think I can resolve between them, but I know what they are, and now since I'm not bound by the guidelines, I'm going to give the sentence I gave. Isn't that an infinitely more honest, less hypocritical approach than the one—than the notion that, oh, I can't decide, so I'm just going to pick the lower one because I don't want to have any trouble in the Second Circuit? Right. I think that's right, Your Honor. If the district court were concerned about sort of getting rid of an appeal or preventing an appeal, the court could have flipped a coin, I suppose, and said I'm going to pick the lower one or pick the higher one and said that this is my sentence, and I think that's what the exception embraces, is that that decision, that sort of artifice under the guidelines, is not required when the district court is making an earnest effort to calculate the guidelines. And I think, Judge Nathan, to answer your question about certified, I don't read certified as really cutting back on the exception. I think in that case what happened was the government— I guess we'd have to ask the author and see what she said. Or he, I don't know. I don't think Judge Rakoff—he's here, so maybe he can answer the question better than I can. But I don't read the opinion as cutting back on the exception because, in that case, the government had advocated for a fraud-based guideline, but there was an alternative that would apply if it were higher, that hazardous materials guideline. And the district court disagreed with the fraud guideline calculation loss amounts. It based them on restitution, which is a separate error. But then that lowered the fraud guideline below the HAZMAT guideline. And so then the government, I think, reminded the district court of that during the guidelines calculation. The district court kind of just gave a nod of the head to, well, I'm considering the HAZMAT guideline as well without calculating it. And that was, I think, the issue that Judge Rakoff and the panel in that case had an issue with because that's not really respecting the guidelines advisory role, in a sense. I mean, I suppose at the very least the distinction that you draw between a case where it's sort of a— you know, there's a complicated calculation, and I don't want to go there, and so I would—I'll just—here's what I would apply anyway. At the very least, that's going to—the fact here that the judge knew well what both the ranges looked like impacts a harmless decision—harmlessness decision, right? Because it's not as if we have to wonder what would the judge think if the calculation had included acceptance or not and what would be applied. It does feel like it comes—even if it doesn't answer the question of procedural error, it does feel like it's highly relevant to a harmlessness analysis. I agree, Your Honor. I think it goes to both issues. I think it both eliminates concerns about the application of the Dafir exception but also goes to harmlessness because of the reasons Your Honor stated. There's two ranges. There's no dispute about that one of those two ranges is the correct range, and the district court recognized that and made a clear record as to why she was imposing a 36-month sentence, which I don't think was substantively unreasonable for all the reasons in the government's brief there. So for the reasons set forth in the government's brief, I would ask the district court's judgment to be affirmed, Your Honor. Thank you. Could I just—your view on—I don't think I asked you your— On mootness, Your Honor? Yeah, I mean, you didn't really say in your letter. Right. I was, I guess, supposed to be preserving judgment, Your Honor. But I actually agree with the defense. I mean, I think it's a close call. The court's precedence on that issue, it sets forth—it can't be speculative or remote relief. I think the original case that sort of articulated that mootness issue is the Blackburn case, and that actually described it as it can't be so remote and so speculative as to amount to an advisory opinion, which I think is a little different than sometimes the courts articulated it elsewhere. Under that exception, as articulated in Blackburn, I think that's not the case here because while I have my reservations and doubts that the court, given the concerns that are articulated below, would reduce the supervisor release term, treating it sort of ab initio or veil of ignorance as to what the court would do on the merits, if the court were to say 36 months was beyond the pale and, you know, district judge, you need to re-sentence something substantially below that, I don't think it's beyond the realm of possibility. The district court could say, well, I guess I just missed the ball on this one, and you're already out of your prison term, so it's only fair in the interest of justice that I give you some credit against your supervisor release term, provided, as defense counsel articulated, that there are not new issues with compliance. So I don't think that's outside of the realm of possibility. So I think the issue of what is the district court going to do, it really goes more to the harmless error issue and procedural issue. But it's interesting. You're framing it as what's outside of the realm of possibility rather than is it mere speculation that the district judge – I mean, it is mere speculation that the district judge would decrease the supervisor release, but your view consistent with defense counsel is there's sort of some possibility given the – if there were a conclusion of procedural error on the sentence. The possibility, in my view, Your Honor, really goes to the substantive error. I mean, it may go – if the only error were procedural, but the district court said, but 36 months is appropriate, so just decide the guideline issue and you can reimpose the same sentence, then I think that might get to the remote issue. But I think as a jurisdictional matter, we have to decide – the court has to decide the mootness issue without respect to sort of assuming what the merits decisions are going to be. And there's a Sotomayor – Justice Sotomayor, now justice, concurring opinion in one of the mootness cases where she kind of articulates what I think is the right way to look at it, that mootness – if it's a closer question, I don't think the court should be throwing out a case on jurisdictional grounds, just sort of on the assumption about what the district court's going to do below. Okay. Thank you, Your Honor. Thanks. Yes, Mr. Yurin. Your Honor, we think the most honest sentence here will be one that starts by letting the parties in on what the actual starting point for the court's determination is, so that we could fairly challenge whether that variance from that known starting point is error or not. And we would ask that the court remain with instructions to the district court to calculate the guidelines properly, to determine acceptance, which we submit is too fundamental and ubiquitous a guideline not to determine, and to determine the applicable range. And we believe there's a substantial probability at least that on remand the court could find that the upper bound of the range or somewhere within the range without acceptance is an acceptable sentence. And if the court makes that determination, the court is free under this court's precedent to discount the term of supervised release to account for any difference in the term. I'm not totally sure I'm understanding what you're saying. Supposing the district court had calculated the guidelines at the lower range. So instead of the way she did, just she said it's the lower range. I hear fine. But I find for the following reasons that I'm going to impose a sentence above the guidelines. What would be your argument that what she did there was irrational or should be subject to any reduction? If the district court had denied points for acceptance, you mean? If she had gone your way on the guidelines and given the lower guideline range, but still had imposed the sentence that she did impose above the guidelines, what possible claim would you have to this court? Assuming that that had happened and that there was no procedural error in not calculating the guidelines, we would rely on the substantive arguments that we raised in our brief, including the fact that a non-prison term was available. The parties agreed that a guideline sentence would be appropriate. The victim spoke at sentencing and said that she didn't want prison for the defendant. She wanted supervision and care. And the fact that the court found on the record that the defendant's mental health issues contributed to the offense conduct. We're certainly not waiving those substantive arguments, but we just find that because acceptance is so essential and so simple, really, a guideline determination, we wanted to put those procedural error arguments forward in our brief. If there's nothing further, we'll rest on our brief. All right. Thank you. Thank you both. We'll take the case under advisement.